**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4547

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAQWON QUAMAIS FINCHER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cr-00096-FDW-SCR-1)

Submitted:  August 27, 2024                    Decided:  August 29, 2024

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaqwon Quamais Fincher appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment, followed by 12 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Fincher's sentence. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Fincher has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *Id*. at 208 (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

2

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range "is presumed reasonable." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that Fincher's revocation sentence is both procedurally and substantively reasonable. When imposing Fincher's revocation sentence, the district court correctly calculated a policy statement range of 30 to 37 months' imprisonment but noted that the statutory maximum capped this range at 24 months. The court considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and addressed the parties' arguments. We discern no error in the court's consideration of the relevant sentencing factors or its decision to impose a revocation sentence to run consecutively to Fincher's state sentence for the conduct underlying two of his supervised release violations.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Fincher, in writing, of the right to petition the Supreme Court of the United States for further review. If Fincher requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fincher.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*